### Cindy CORMIER et al.

v.

### STATE of Rhode Island.

#### No. 94–690–Appeal.

Supreme Court of Rhode Island.

Nov. 29, 1995.

Louis Grande, William Grande.

Neal Steingold.

#### ORDER

This case came before a panel of the Supreme Court for oral argument on November 21, 1995, pursuant to an order that directed the plaintiff, Cindy Cormier, formerly Cindy Richett, as mother of Jason Wolf, individually and as representative of the heirs of Jason Wolf, to show cause why the issues raised in this appeal should not be summarily decided.

The plaintiff has appealed a Superior Court judgment that denied her claim for damages under the Criminal Injuries Compensation Act (the Act), G.L.1956 (1981 Reenactment) Chapter 25 Title 12.

After hearing the arguments of counsel and after reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown and the case will be decided at this time.

Following the murder of plaintiff's six year old son, Jason Wolf, plaintiff filed a complaint pursuant to the Act for mental and emotional damages sustained by herself and her three surviving minor children as a result of her son's death. The plaintiff argues that the Act provides that she and the surviving children are encompassed within the Act's definition of "victim" and therefore are entitled to compensation pursuant to the Act. Section 12–25–3(b)(3) of the Act provides that compensation may be awarded "in the case of the death of a victim, to or for the benefit of the dependents or closest relative of the deceased victim, * * * or to the legal representative of the victim," which would include plaintiff.

Section 12–25–6(e) of the Act, however, limits compensation in such instances to "the victim's actual medical, hospital, funeral, and burial expenses for which the victim or his or her estate is not compensated by any other source." Moreover, section 12–25–7(b) of the Act requires that the Court deduct any payments awarded under section 12–25–3 from any payments received "from * * * any insurance carrier, for personal injury or death compensable under this chapter." The plaintiff has received, pursuant to the settlement of a lawsuit, compensation for injuries identical to those alleged in the matter before this Court. Therefore, compensation under the Act is barred.

Therefore, this Court denies and dismisses the appeal and affirms the judgment of the Superior Court to which we return the papers in this case.

WEISBERGER, C.J., did not participate.